Based upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. The defendant-employer is a duly qualified self-insured.
4. Plaintiff's average weekly wage was $521.58 at the time of the alleged injury yielding a compensation rate of $348.00.
5. The following medical records of the plaintiff were stipulated into evidence: fifty pages of documentation from Jack S. Billings, M.D.; twenty-one pages of documentation from Charles E. Rawlings, III, M.D.; six pages of documentation from W.J. Martin, M.D.; two pages of documentation from David D. Myer, M.D.; thirty-one pages from the Rehability Center; four pages of documentation from Forsyth Medical Hospital; fourteen pages of documentation from Rick Erickson, P.C.; and three pages of documentation from the City of Winston-Salem nurse.
6. The parties stipulated to reports and personnel information relating to plaintiff from the City of Winston-Salem. This documentation was marked Stipulated Exhibit One and consists of fifteen pages.
7. The issues before the Full Commission are: (i) whether plaintiff sustained a compensable injury by accident or specific traumatic incident on October 24, 1994; (ii) and if so, what compensation, if any, is due plaintiff.
EVIDENTIARY RULINGS
The objections raised in the depositions of Edward Davis, Jack S. Billings, M.D. and Charles E. Rawlings, M.D. are OVERRULED.
*************
Based upon all of the competent evidence from the record herein, the Full Commission adopts in part and modifies in part the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-six year old male with a high school education. Plaintiff had worked at the city water plant for the City of Winston-Salem since March 26, 1979.
2. Plaintiff was employed as an assistant water plant operator on October 24, 1994. The duties for this position included regular lifting and maintenance during the twelve-hour shifts.
3. On October 24, 1994, plaintiff was assigned to mow and weed areas around the water plant. As plaintiff was putting his tools back into the storage area, plaintiff slipped and fell on a spot of spilled paint. Plaintiff's fall constituted an unlooked for and untoward event which was not expected or designed by plaintiff which resulted in injury to plaintiff's back.
4. On October 24, 1994, plaintiff reported his injury by accident to his immediate supervisor, Keith Vernon. Plaintiff's supervisor suggested that he go see the city nurse. Plaintiff declined and went home. While at home, plaintiff noticed that he was a little sore; therefore, he took a few pain pills for some relief. The next day at work the plaintiff showed his supervisor the bruises on his ankle and elbow and the scratches on his shoulder.
5. After the injury, plaintiff continued to experience pain in his lower back radiating into his left leg. Plaintiff had not had any major problems with his back prior to the injury, but was being treated by Dr. Rick Erickson, P.C. for routine mechanical adjustments or maintenance to help his back stay in shape.
6. On November 4, 1994, plaintiff was seen by Dr. Erickson for his regularly scheduled chiropractic treatment. Plaintiff indicated to Dr. Erickson that he had sustained an injury on October 24, 1994, and Dr. Erickson treated plaintiff based on this statement.
7. Plaintiff worked his normal twelve (12) hour shift on October 25, 29, 30 and November 2, 3, 7, 8, 12, 13, 16, 17 and 18 performing most of the usual functions of his job. Plaintiff spoke with his supervisor on some of the days following his injury and requested that he be allowed to leave early due to increased pain and discomfort.
8. On Monday, November 21, 1994 after a scheduled two days off, plaintiff worked only 10.5 hours of his scheduled 12 hour shift. During that shift, plaintiff reported to his supervisor Keith Vernon that he was having problems with his back. Mr. Vernon assisted the plaintiff in leaving the plant to go home.
9. On November 21, 1994, plaintiff filed a second accident report indicating the same date of injury of October 24, 1994.
10. On November 22, 1994, plaintiff did not go to work. Plaintiff sought treatment from Jack E. Billings, M.D., his family physician, for problems relating to persistent low back and leg pain. Dr. Billings wrote plaintiff out of work for two weeks and made an appointment for plaintiff to see Charles E. Rawlings, III, M.D., a neurosurgeon.
11. On November 28, 1994, plaintiff presented to Dr. Rawlings who ordered an MRI and EMG of the left leg. Dr. Rawlings wrote plaintiff out of work until December 12, 1994. During plaintiff's initial period out of work, an MRI was performed on December 1, 1994 which revealed an L5-S1 disk herniation. As a result of the findings of the December 1, 1994 MRI, Dr. Rawlings wrote plaintiff out of work on December 12, 1994 until January 9, 1995.
12. On January 17, 1995, plaintiff had surgery performed by Dr. Rawlings who completed a left L5-S1 partial hemilaminectomy and discectomy. During the surgery, a ruptured disk at L5-S1 was discovered along with spondylitic spurs. Dr. Rawlings opined that the spurring was an indication of wear and tear on a joint or disc capsule.
13. On January 25, 1995 and March 20, 1995, Dr. Rawlings saw plaintiff for follow-ups to his surgery. Dr. Rawlings indicated plaintiff still had some numbness in his left leg and prescribed physical therapy as well as work hardening. Pursuant to Dr. Rawlings prescription, the plaintiff received fourteen physical therapy treatments from March 28, 1995 to April 27, 1995. On May 3, 1995, plaintiff was released to return to light duty work, but he was only able to complete one of the three positions that he was required to perform. Additionally, he was able to perform only seventy-five to eighty-five percent of that position.
14. On May 29, 1995, Dr. Billings restricted plaintiff from working twelve hours a day to working eight hours a day. On June 12, 1995, Dr. Billings continued plaintiff's restrictions of only eight working hours a day.
15. Dr. Rawlings opined that the injury to plaintiff's back caused by the fall arising out of and in the course and scope of his employment with the defendant-employer on October 24, 1994 probably either caused plaintiff's ruptured disk, or exacerbated a pre-existing ruptured or herniated disk. Plaintiff's surgery was causally related to his October 24, 1994 work-related injury.
16. On October 6, 1995, Dr. Rawlings saw plaintiff and referred him to the Piedmont Institute of Pain Management where he was treated by Dr. W. Joseph Martin for sciatic pain and back pain, with various injections for pain control, from October 18, 1995 to December 6, 1995.
17. As of March 22, 1996, the defendant-employer terminated plaintiff's light duty assignment. On June 26, 1996, plaintiff's employment was terminated by defendant-employer.
18. Based upon the greater weight of the evidence, on October 24, 1994, plaintiff sustained a specific traumatic incident or injury by accident to his back arising out of and in the course of his employment with the defendant-employer when he slipped and fell in a spot of spilled paint.
19. As a result of the accident or specific traumatic incident, plaintiff either sustained a ruptured disk in his back at L5-S1 or aggravated a pre-existing herniated disk. As a result of back injuries sustained in his fall on October 24, 1994, plaintiff required surgery on January 17, 1995. As a result of his accident on October 24, 1994, plaintiff was incapable of earning wages from defendant-employer or any other employment from November 21, 1994 through May 3, 1995 and from March 22, 1996 to the date of the hearing and continuing until further order of the Industrial Commission.
20. Plaintiff has not been paid any temporary total disability compensation for the periods that he was incapable of earning wages from defendant-employer or any other employment from November 21, 1994 through May 3, 1995 and from March 22, 1996 to the present. Defendant-employer is not entitled to a credit for the period plaintiff received payments through the use of his sick and vacation leave.
21. Defendant failed to admit or deny the compensability of plaintiff's claim within fourteen days of plaintiff's claim of disability as required by N.C. Gen. Stat. § 97-18.
**************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 24, 1994, plaintiff sustained an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant-employer. Plaintiff's injury is compensable. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's need for back surgery was causally related to his October 24, 1994 injury at work as plaintiff had not had any significant back problems prior to his October 24, 1994 work-related injury.
3. As a result of his compensable injury on October 24, 1994, plaintiff is entitled to temporary total disability compensation from November 21, 1994 to May 3, 1995 and from March 22, 1996 to the date of the hearing and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
4. Defendant is obligated to provide to plaintiff such medical treatment as is reasonably required as a result of his specific traumatic incident or injury by accident to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
************
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. For his temporary total disability, plaintiff is entitled to temporary total disability compensation at the rate of $348.00 per week from November 21, 1994 to May 3, 1995 and from March 22, 1996 to the date of the hearing and continuing until further order of the Industrial Commission. Such compensation as has accrued shall be paid in a lump sum subject to an attorney's fee hereinafter approved.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred in the future by plaintiff as a result of his compensable injury when bills for the same have been submitted through the defendant and approved according to procedures adopted by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph one of this Award is approved for plaintiff's counsel and shall be deducted from the sum due plaintiff and paid as follows: twenty-five percent (25%) of the lump sum due plaintiff under paragraph one of this Award shall be deducted from that sum and paid directly to plaintiff's counsel; thereafter, plaintiff's counsel shall receive every fourth compensation check.
4. Defendant shall pay the costs.
ORDER
The Full Commission further finds and concludes that this appeal was brought before the Full Commission by the defendant-insurer. The Full Commission has affirmed the decision of the Deputy Commissioner to continue benefits to the plaintiff. N.C. Gen. Stat. § 97-88 allows the Industrial Commission the discretion to award attorney's fees as a part of costs to the plaintiff for defending the defendant-insurer's appeal.
In the discretion of the Full Commission, it is THEREFORE ORDERED that the defendant-insurer shall pay to plaintiff's attorney $1,200.00 as part of plaintiff's cost of defending this appeal to the Full Commission. This attorney's fee is in addition to the attorney's fee in paragraph three of the Award herein.
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
BSB/jth